509 P.2d 638

Robert A. McKINNEY, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Fred J. Hyder, Judge, Respondent;

and

Vicki J. McKINNEY, Real Party in Interest.

No. I CA–CIV 2346.

Court of Appeals of Arizona,
Division 1,
Department B.

May 8, 1973.

Stevenson, Warden, Smith & Brooks by Robert W. Warden, Flagstaff, for petitioner.

Carmichael, McClue & Stephens, P. C., by John K. Mangum, Phoenix, for real party in interest.

HAIRE, Judge.

In this special action proceeding, petitioner seeks relief from an order entered by the respondent trial judge denying petitioner's application for change of venue. Petitioner's only contention is that as the defendant in an action for separate maintenance, he is entitled to be sued in the county in which he resides.

The respondent real party in interest (plaintiff in the trial court) filed her complaint in the Maricopa County Superior Court seeking separate maintenance relief pursuant to the provisions of A.R.S. § 25–341. The defendant (petitioner herein) timely requested a change of venue upon

the basis that he was a resident of Coconino County, and that under the provisions of A.R.S. § 12–401, he was entitled to be sued in that county. The plaintiff resisted the application, contending that under the exception found in subsection 13 of A.R.S. § 12–401, the appropriate venue for a separate maintenance action is the county in which the plaintiff-wife resides. The trial judge agreed with plaintiff's contention, and denied the application. After oral argument in this special action proceeding, we entered an order reversing the trial judge and directing the entry of an order transferring the action to the county of petitioner's residence.

■■■ Venue determinations by a trial court are reviewable by special action. Pride v. Superior Court, 87 Ariz. 157, 348 P.2d 924 (1960); Sherrill v. Superior Court, 16 Ariz.App. 425, 493 P.2d 1230 (1972); Goff v. Superior Courts, 2 Ariz. App. 344, 409 P.2d 60 (1965). Here, there is no dispute as to the facts, and the only issues involve questions of law. This opinion sets forth our reasons for granting the relief requested by petitioner.

Initially, we note that under the facts of this case A.R.S. § 12–401 requires that the application for change of venue be granted unless the exception in subsection 13 relating to "actions for divorce" is applicable. Plaintiff correctly recognizes the distinctions between an action for divorce and an action for separate maintenance, and admits that the literal language of subsection 13, considered alone, would not be applicable to a separate maintenance action.[1] However, plaintiff contends that a proper construction of A.R.S. § 25–342, subsec. A makes the divorce action venue provisions of subsection 13 applicable to separate maintenance actions. This contention requires that we give consideration to the

statutory history of these sections to determine whether such a construction was intended by the legislature.

A.R.S. § 25–342, subsec. A has been a part of the statutory law of this state, in essentially identical language, since 1913.[2] It pertains solely to separate maintenance actions and provides as follows:

"The proceedings [separate maintenance] *shall be commenced and conducted as actions for divorce* and the court may award such sum for attorney's fees and alimony during pendency of the action as the circumstances and situations of the parties warrant." (Emphasis added).

The provisions now found in A.R.S. § 12–401, subsec. 13 were first codified in the Revised Statutes of 1901, §§ 1294 and 1295, and have continued in effect essentially unchanged until their amendment in 1958.[3] Prior to the 1958 amendment, A.R.S. § 12–401 subsec. 13 provided as follows:

"No person shall be sued out of the county in which he resides, except:

\* \* \* \* \* \*

"13. Actions for divorce shall be brought in the county in which the plaintiff has resided for six months next preceding filing the complaint."

■■■ Because of the incorporation in A.R.S. § 12–401, subsec. 13 of the requirement that the plaintiff must have resided in the county for six months next preceding the filing of the complaint, it is readily apparent that prior to the 1958 amendment, A.R.S. § 12–401, subsec. 13 was not intended to apply to actions for separation from bed and board or to actions for separate maintenance. Notwithstanding the provisions of A.R.S. § 25–342, subsec. A that separate maintenance proceedings be "commenced and conducted as actions for di-

---

1. *See*, as to general law on this point, 41 Am.Jur.2d § 404, p. 339:
   "Jurisdiction and venue of a suit for alimony or maintenance without divorce are governed, in general, by the law and statutes relating to place of suit for vindication of ordinary legal or equitable rights, and not by the law and statutes relating to divorce suits."

2. *See* § 3882, R.S. '13.

3. *See* Session Laws 1958, 23rd Legislature, Chapter 38, § 1.

vorce", there was no requirement that the plaintiff in a separate maintenance action be a resident for six months in the county in which the action was to be filed, as was required in divorce actions by A.R.S. § 12–401, subsec. 13. While the above-quoted subsection 13 was contained in the venue statutes, it merely set forth the jurisdictional county residence requirements of A. R.S. § 25–311, and thus was jurisdictional in character.[4] Davies v. Russell, 84 Ariz. 144, 325 P.2d 402 (1958). The jurisdictional requirements of A.R.S. § 25–311 and § 12–401, subsec. 13 were solely applicable to divorce actions, and did not apply to other domestic relations actions such as separate maintenance or separation from bed and board. See A.R.S. § 25–331 et seq.; A.R.S. § 25–341 et seq.; Hemphill v. Hemphill, 84 Ariz. 95, 324 P.2d 225 (1958); Davies v. Russell, supra. Bearing the foregoing in mind, it is clear that the provisions of A.R.S. § 25–342, subsec. A that separate maintenance proceedings "shall be commenced and conducted as actions for divorce" were not intended to make the provisions of A.R.S. § 12–401, subsec. 13, as they existed prior to amendment in 1958, applicable to separate maintenance actions. The amendment of A.R.S. § 12–401, subsec. 13 in 1958 resulted in the present language of the section, as follows:

"No person shall be sued out of the county in which he resides, except:

\* \* \* \* \* \*

"13. Actions for divorce shall be brought in the county in which the plaintiff is residing at the time the action is filed."

Can it be said that the amendment, which strikes the six months residency requirement, evidences an intention to make the previously inapplicable exception applicable to separate maintenance actions? We

think not. It will be noted that the exception still refers only to "actions for divorce". The title of the bill amending A. R.S. § 12–401, subsec. 13 was as follows: "AN ACT RELATING TO DIVORCE; PRESCRIBING RESIDENCE REQUIREMENTS OF PLAINTIFF AND AMENDING SECTIONS 12–401 and 25–311, ARIZONA REVISED STATUTES". When the amending bill is read in its entirety, it is readily apparent that the only purpose of the 1958 amendment to A.R.S. § 12–401, subsec. 13 was to make that subsection coincide with a concurrent amendment of the divorce action jurisdictional statute, A.R.S. § 25–311, which eliminated the "six months residence within the county" jurisdictional requirement in divorce actions. There is nothing in the amendment to indicate an intent to make A.R.S. § 12–401, subsec. 13, contrary to its express terms, applicable to other actions which might occur in the domestic relations arena.

Plaintiff argues that the same public policy reasons which support allowing a wife in a divorce action to commence an action in the county in which she resides would support allowing the same privilege to a wife in a separate maintenance or separation from bed and board action. We do not necessarily disagree. However, plaintiff's argument in this area should be addressed to the legislature and not to the courts. A.R.S. § 12–401, subsec. 13 by its terms refers solely to "actions for divorce". We have set forth above the reasons why, in our opinion, the provisions of A.R.S. § 25–342, subsec. A do not make A. R.S. § 12–401, subsec. 13 applicable to other domestic relations matters. We have therefore previously issued our order granting the relief requested by the petitioner in this special action proceeding.

JACOBSON, C. J., and EUBANK, P. J., concur.

4. A.R.S. § 25–311, prior to its amendment in 1958, read as follows:
"An action for divorce shall not be maintained unless the plaintiff, at the time of filing the complaint, has been an actual bona fide resident of the state for one year and has resided in the county where the action is filed for six months next preceding the filing of the action."