(No. 32838—Decided December 27, 1973.)

*Mr. Sander Schwartz,* for appellee.
*Mr. Wilbur C. Leatherberry,* for appellant.

CORRIGAN, J. On February 16, 1970, the appellant, William Fisher, contracted with the appellee, Hank's Auto Sales, Inc., to trade his 1964 Oldsmobile for a 1962 Chrysler and in so doing signed a cognovit note[1] which specified that the appellant owed the appellee a net balance of $453.19, payable in thirty monthly installments. When appellant defaulted, the appellee confessed judgment against him in the Cleveland Heights Municipal Court and that judgment was journalized on June 5, 1970.

Thereafter, on December 14, 1970, in a letter addressed to Hank's Auto Sales, Inc., the appellant gave notice that he rescinded the contract of February 16, 1970. Appellee has never responded to that letter. Appellant next filed a motion for relief from judgment in the Cleveland Heights Municipal Court alleging *inter alia* that judgment was taken on a warrant of attorney for more than was due plaintiff, and that there were valid defenses to the action as shown by an attached affidavit which alleged violations of the Federal Truth-in-Lending Act. The Municipal Court thereupon vacated the judgment and granted appellant leave to file an answer.

In his answer, the appellant alleged a violation of 15 U. S. C. 1635 in that the appellee had failed to disclose appellant's right to rescind the contract. He also counterclaimed for damages against the appellee in the amount of $100 as specified in 15 U. S. C. 1640. The trial court, after hearing, found in favor of the plaintiff, Hank's Auto Sales, Inc., and it is from that judgment that this defendant, Wilson Fisher, now appeals.

The appellant's posture of this appeal is that appel-

---

[1] It is to be noted that Amended Substitute House Bill No. 243, effective January 1, 1974, invalidates the use of cognovit notes in connection with consumer transactions.

lee's violation of the Federal Truth-in-Lending Act entitles the appellant as obligor, having exercised his right to rescind the contract, to keep the 1962 Chrysler without requirement to make payments therefor, and further to collect $100 as punitive damages from the creditor, Hank's Auto Sales, Inc. We maintain the correctness of his position.

On May 29, 1968, the Congress of the United States enacted encompassing legislation to protect the rights of consumers who purchase items on credit. It is the intent of that legislation to assure meaningful disclosure of credit terms and to enable the consumer to avoid the uninformed use of credit. 15 U. S. C. 1601. To achieve certainty in reaching its goals, the Congress authorized the Federal Reserve Board to promulgate rules and that Board specified that the Consumer Credit Protection Act applies to all credit transactions where four or more installment payments are to be made by the Obligor. Apposite to this case is 15 U. S. C. 1635(a), which provides:

"* * * in the case of any consumer credit transaction in which a security interest is retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following consummation of the transaction *or* the delivery of the disclosures required under this section and all other material disclosures required under this part, *whichever is later* by notifying the creditor * * *. The creditor shall clearly and conspicuously disclose, * * * to any obligor in a transaction subject to this section the rights of the obligor under this section." (Emphasis added.)

Further, 15 U. S. C. 1635(b) provides:

"When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge * * *. Within ten days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise * * *. If the creditor has delivered any

4

property to the obligor, the obligor may retain possession of it * * * without obligation on his part to pay for it."

And, finally, 15 U. S. C. 1640(a) provides:

"* * * any creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person is liable to that person in an amount equal to the sum of

"(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 * * *."

The cognovit note used by the parties in this case does not contain the required notice of appellant's right to rescind the contract.

The central issue for determination in connection with our holding is whether or not in Ohio a creditor obtains a security interest in an obligor's residence when in receipt of an executed cognovit note. We hold that he does obtain a security interest in Ohio for two reasons. First, because R. C. 2329.02 provides that any judgment taken in any court shall become a lien upon land upon the filing of a judgment certificate. And, secondly, because the Board of Governors of the Federal Reserve System has interpreted congressional intent to be that confessed liens, whether recorded or not, are security interests in certain states.[2] These conditions activate the Federal Truth-in-Lending Act and the omission of required disclosures con-

---

[2]15 U. S. C. 1604 states that "The Board shall prescribe regulations to carry out the purposes of this subchapter."

In 12 C. F. R. 226.2(z) "security interest" and "security" are defined to mean "any interest in property which secures payment or performance of an obligation. The terms include, but are not limited to, security interests under the Uniform Commercial Code, real property mortgages, deeds of trust, and other consensual or *confessed liens whether or not recorded,* mechanic's, materialmen's, artisan's, and other similar liens, vendor's liens in both real and personal property, the interest of a seller in a contract for the sale of real property, any lien on property arising by operation of law, and any interest in a lease when used to secure payment or performance of an obligation." (Emphasis added.)

Further, in 12 C. F. R. 226.202, Interpretations, it is said,

stitutes a violation of that act. 15 U. S. C. 1635 [12 C. F. R. 226.9(b)]

Our reliance upon the Board's powers to promulgate rules under this act is grounded upon *Mourning* v. *Family Publications Service, Inc.* (1973), ——U. S. ——No. 71-829, 41 L. W. 4517.

In *Mourning* the Supreme Court of the United States determined that the Federal Reserve Board did not exceed its authority in promulgating the "Four Installment Rule" [12 C. F. R. 226.2(K)]. There the Chief Justice said: "The Truth-in-Lending Act reflects a transition in congressional policy from a philosophy of let-the-buyer beware to one of let-the-seller disclose. By erecting a barrier between the seller and the prospective purchaser in the form of hard facts, Congress expressly sought 'to . . . avoid the uninformed use of credit' 15 U. S. C. Sec. 1601."

In *Garza* v. *Chicago Health Clubs, Inc.* (1971), 329 F. Supp. 936, the court said:

"We believe that these interpretations of the Act and Regulation Z by the Board are entitled to great weight, are consistent with the purposes of the Act and the plenary powers granted to the Board, and are not plainly erroneous. We, therefore, are without authority to overturn these administrative interpretations of Regulation Z and the Act. *Bowles* v. *Seminole Rack & Sand Co.*, 325 U. S.

---

"(b) In some of the States, confession of judgment clauses or cognovit provisions are lawful and make it possible for the holder of an obligation containing such clause or provision to record a lien on property of the obligor simply by recordation entry of judgment; the obligor is afforded no opportunity to enter a defense against such action prior to entry of the judgment.

"(c) Since confession of judgment clauses and cognovit provisions in such States have the effect of depriving the obligor of the right to be notified of a pending action and to enter a defense in a judicial proceeding before judgment may be entered or recorded against him, such clauses and provisions in those States *are security interests under Sec. 226.2(z)* and for the purposes of Secs. 226.7(a)(7), 226.8(b) (5), and 226.9. This is the case even if the judgment cannot be entered until after a default by the obligor." (Emphasis added.)

Finally, see *Charnita, Inc.*, v. *Federal Trade Commission* (1971), 479 F. 2d 684.

410, 414; *Udall* v. *Tallman,* 380 U. S. 1, 4; *McCall Coal Co.* v. *U. S.,* 374 F. 2d 689, 691 (4th Cir. 1967).''

Thus, in applying the provisions of the Federal Truth-in-Lending Act to the facts of this case, and in attempting to interpret the legislative intent as delineated in Supreme Court and other decisions, this court is constrained to apply the law as it is written.

In accordance with our decision, the judgment of the lower court must be reversed as inconsistent with federal law. Final judgment is entered for appellant to the extent that the contract entered into on February 16, 1970 is rescinded and the obligor is relieved of his duty to make monthly payments thereunder; he is additionally entitled to keep the 1962 Chrysler, and he is further entitled to his requested damages in the amount of $100 together with a reasonable attorney's fee assigned by this court of $750.

*Judgment reversed.*

DAY, P. J., and WASSERMAN, J., concur.

WASSERMAN, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution.