Hobbs Lumber Company *v.* Shidell et al.

(No. 74-CIV-026—Decided October 29, 1974.)

Court of Common Pleas of Belmont County.

*Mr. David L. Barnes*, for plaintiff.
*Mr. Harold B. Thomas, Messrs. Thomas & Thomas*, for defendants, John Shidell and Ruth Shidell.
*Mr. Kelley Archer*, for defendants, Arrow Block Company and Belmont County National Bank.

Iddings, J. Plaintiff, Hobbs Lumber Company, hereinafter referred to as Hobbs, filed a complaint in this court demanding a money judgment against defendants, John Shidell and Ruth Shidell, hereinafter referred to as the property owners, and for the marshalling of liens and the foreclosure of a mechanic's lien perfected by Hobbs on certain real estate owned by the property owners and located in Bridgeport, Ohio.

In that complaint Arrow Block Company and Belmont County National Bank were joined as parties defendant. Defendant, Belmont County National Bank, hereinafter

referred to as the Mortgagee, filed an answer and cross-claim wherein it alleged that it had a mortgage lien upon the real estate of the property owners and demanded that such lien be declared a first and best lien against said real property. Defendant, Arrow Block Company, hereinafter referred to as Arrow, filed an answer and cross-claim wherein it alleged that it had perfected a mechanic's lien upon the real property of the property owners and demanded relief similar to that demanded by Hobbs.

. The property owners filed an answer containing three defenses and a counterclaim to Hobbs' complaint and answers to the cross-claims of the Mortgagee and Arrow together with a cross-claim against Arrow. The principal defense of the property owners as to the mechanics' liens of Hobbs and Arrow raised in the pleadings being the failure of the materialmen to comply with the provisions of the federal Truth-in-Lending Act and demanding that the liens be declared null and void for that reason.

The case was submitted to the court by the parties upon an agreed statement of facts. It appears from the facts so stipulated that on August 29, 1972, defendant, John Shidell, entered into a contract in writing with one George Hall for the construction of a garage upon the real property of the property owners and which property constituted the principal and only place of residence of the property owners.

Hobbs and Arrow perfected mechanics' liens upon the said real property and there is no controversy here as to the filing and perfecting of those liens as provided for in the Ohio Mechanics' Lien Act (Chapter 1311 of the Revised Code). It has been further stipulated that the notice or any other such disclosure of the property owners' right to rescind the construction contract as provided for in and by the Truth-in-Lending Act (Sections 102 *et seq.*, 125 [a], 15 U. S. C. A. Sections 1601 *et seq.*, 1635 [a]) was never given to nor received by the property owners.

The parties further stipulated that the property owners rescinded the transaction as set forth in their counterclaims and that the property owners were not in default in the terms and provisions of the mortgage held by the

Mortgagee. The sole issue before this court and the resolution of which will be dispositive of this case is the applicability of the Federal Truth-in-Lending Act to the facts herein set forth.

The applicable federal statute (15 U. S. C. A. Section 1635 [a]) provides in part:

"* * * [I]n the case of any consumer credit transaction in which a security interest is retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later, by notifying the creditor * * *. The creditor shall clearly and conspicuously disclose * * * to any obligor in a transaction subject to this section the rights of the obligor under this section. * * *"

The Board of Governors of the Federal Reserve System was empowered to "prescribe regulations to carry out the purposes of" the statute. See 15 U. S. C. A. Section 1604. The Board, pursuant to that enabling legislation, adopted and promulgated Regulation Z. In that regulation (12 C. F. R. 226.2 [z]) the terms "security interest" and "security" are defined to mean "any interest in property which secures payment or performance of an obligation. The terms include, but are not limited to * * * mechanic's, materialmen's * * * and other similar liens * * *." Inasmuch as the statute did not specifically mention mechanic's and materialmen's liens, in at least two reported federal cases the validity of the above-quoted regulation was attacked.

In *Gardner and North Roofing and Siding Corporation* v. *Board of Governors of the Federal Reserve System* (C. A. D. C. 1972), 464 F. 2d 838, the introductory paragraph states:

"Action for declaratory judgment wherein plaintiffs challenged as invalid a regulation promulgated by Federal Reserve Board. On cross motions for summary judgment,

the United States District Court for the District of Columbia \* \* \* upheld validity of regulation and dismissed action, and plaintiffs appealed. The Court of Appeals \* \* \* held that regulation which was promulgated by Federal Reserve Board pursuant to Truth in Lending Act and which provides that within three days of consummation of any credit transaction in which a security interest is or will be retained or acquired in customers' residence, customer shall have right to rescind transaction and which requires creditor to notify customer of his right to rescind when there is probability that a lien on his home will arise by operation of law even though he has not executed an indenture on property is entirely consistent with legislative purpose and is a reasonable and proper device for carrying it out."

Paragraph 6 of the headnotes in *Gardner* is as follows:

"Scope of Truth in Lending Act is not limited to mortgages and other consensual liens but includes mechanic's, materialmen's, artisan's and other similar liens which may arise by operation of law even though obligor has not executed an indenture on property, notwithstanding fact that a Congressman indicated in a letter that much of discussion in committee and on floor focused on credit transactions involving second mortgages, where letter, written a year after legislation was passed, was not a part of legislative history and could not be considered on question of congressional intent. Truth in Lending Act, Sections 102 et seq., 125 (a), 15 U. S. C. A. Sections 1601 et seq., 1635 (a)."

The court in *Gardner* further stated, at pages 841 and 842, in its opinion:

"A contract to renovate, remodel or repair a house imports that work will be done by mechanics and artisans and that materials will be furnished in connection with that work. Implicit in the contract, therefore, is a provision that a lien will attach to secure payment for the work and materials. In other words, the statutory provision for mechanic's and materialmen's liens must be taken as a part of the contract \* \* \*.

"We think it a reasonable construction of the statute

that Congress intended to require disclosure of all the consequences flowing from the signing of a home improvement contract, including not only the consequences spelled out in the contract, but also those necessarily inherent therein. Any other construction would expose the homeowner to hidden and perhaps fatal traps; it would lead to precisely the kind of imposition that Congress intended to prevent. Viewed in this light we think the challenged regulation is entirely consistent with the legislative purpose and is a reasonable and proper device for carrying it out.''

In *N. C. Freed Co. v. Board of Governors of the Federal Reserve System* (C. A. 2, 1973), 473 F. 2d 1210, the United States Court of Appeals, Second Circuit, had before it a case similar to *Gardner* where the plaintiffs attacked the validity of Regulation Z insofar as it included non-consensual or statutory liens such as mechanic's liens arising *in futuro*. At pages 1215 and 1216, in its opinion, the court in *Freed* stated:

''* * * In some states mechanic's liens relate back to, and attach, as of the time of the original contract. In numerous states mechanic's liens relate back to, and attach, as of the time work on the home is commenced or materials are furnished. It is clear to us that in Section 125(a) Congress intended to establish a national policy of protecting consumers whose residences are jeopardized by operation of all types of security interests acquired by creditors in the home improvement industry, and that the goal was to provide uniform protection throughout the nation, irrespective of the vagaries among the states' lien laws. Because of the various differences among the states in the treatment of statutory liens, and the opportunities for evasion of Section 125(a) which these differences make possible, consumers can be effectively protected only if *all* statutory liens are included within the regulatory ambit of that section. * * *''

The court found that the inclusion of non-consensual or statutory liens such as mechanic's liens was a proper clarification, and not an improper extension, of the statute.

The real property upon which the lienholders here filed liens is the principal residence of the defendants. It, there-

fore, follows that the failure of the lienholders to give the requisite notice renders their respective liens invalid. At least one Ohio court has recognized the obligations and penalties imposed by and prescribed in the Truth in Lending Act. In *Hank's Auto Sales* v. *Fisher* (1973), 38 Ohio App. 2d 1, the first and second paragraphs of the syllabus provide as follows:

"1. In the case of any credit transaction in which a security interest is or will be retained or acquired in any real property used or expected to be used as the residence of the customer, the customer has the right to rescind the transaction [15 U. S. C. 1635(a)] and (12 C. F. R. 226.9).

"2. Creditors have a legal obligation to notify customers of the right to rescind a transaction and their failure to make necessary disclosures will result in imposition of prescribed penalties [15 U. S. C. 1640(a)] and (12 C. F. R. 226.9)."

The effect of rescission and the obligation of the creditor is set forth as follows in American Jurisprudence 2d New Topic Service, Consumer Credit Protection, 66 Section 79:

"Where a customer exercises his right to rescind under Regulation Z Section 226.9(a), he is not liable for any finance or other charge, *and any security interest becomes void upon such a rescission.* Within 10 days after receipt of a notice of rescission, the creditor shall * * * take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. * * *" (Emphasis added.)

It is well-settled law that this court is bound by the construction of federal statutes as determined by federal courts. *McDonald* v. *Pennsylvania Railroad Co.* (1922), 105 Ohio St. 280; *Jones* v. *Erie Railroad Co.* (1922), 106 Ohio St. 408. It follows that this court is bound by and compelled to follow the federal decisions cited above.

The court, therefore, finds that the liens of Arrow and Hobbs are invalid, null and void for failure of said lienholders to comply with the federal Truth-in-Lending Act. It is ordered that counsel for the property owners prepare an entry in conformity with this opinion.