569 P.2d 1380

**FIRST NATIONAL BANK OF ARIZONA, a National Banking Association, Petitioner,**

v.

**The Honorable James C. CARRUTH, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent;**

and

**Anita VASQUEZ, Real Party in Interest.**

No. 2 CA–CIV 2651.

Court of Appeals of Arizona, Division 2.

Sept. 21, 1977.

Streich, Lang, Weeks, Cardon & French by William S. Hawgood, II, and Lawrence Allen Katz, Phoenix, for petitioner.

Klein & Klein by Donald S. Klein, Tucson, for Real Party in Interest.

OPINION

HATHAWAY, Judge.

Petitioner, defendant in a lawsuit pending in Pima County Superior Court, seeks review of the respondent court's denial of its motion for change of venue. Since

venue rulings are appropriately reviewable by special action, *McKinney v. Superior Court*, 19 Ariz.App. 566, 509 P.2d 638 (1973), we assume jurisdiction.

Real party in interest, plaintiff in the pending lawsuit, alleged inter alia that the defendant was a national banking association engaged in banking business in Arizona and that its conduct towards her constituted discriminatory employment practices within the purview of the Arizona Civil Rights Act, Chapter 9 of Title 41, 12 A.R.S. Petitioner filed a timely motion for change of venue on the ground that under 12 U.S.C.A. § 94, the action against it could be had only in Maricopa County where it maintained its principal place of business. The motion was opposed on the grounds that petitioner had waived its right to invoke the venue provision of 12 U.S.C.A. § 94. And, further, that such venue provision was a denial of equal protection of the laws. The respondent court denied the motion for change of venue.

12 U.S.C.A. § 94 provides:

"Actions and proceedings against any association under this chapter may be had . . . in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The parties are in agreement that the action is transitory rather than local in nature, and that petitioner's home office is located in Maricopa County. The Supreme Court of the United States has held that the venue provisions of § 94 are mandatory. *National Bank of North America v. Associates of Obstetrics and Female Surgery, Inc.*, 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976); *Radzanower v. Touche Ross & Company*, 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976).

The term "located" in § 94 has been construed by some state courts to mean any county in which the national bank has a branch bank. *Holson v. Gosnell*, 264 S.C. 619, 216 S.E.2d 539 (1975); *Central Bank, National Association v. Superior Court, County of Sacramento*, 30 Cal.App.3d 962, 106 Cal.Rptr. 912 (1973); *Security Mills of*

*Asheville v. Wachovia Bank & Trust Company*, 281 N.C. 525, 189 S.E.2d 266 (1972); *Lapinsohn v. Lewis Charles, Inc.*, 212 Pa.Super. 185, 240 A.2d 90 (1968). The federal courts, however, take the view that a national bank is "located" only in the county in which it maintains its principal place of business and not where it has a branch office. *First National Bank of Boston v. United States District Court, California*, 468 F.2d 180 (9th Cir. 1972); *United States National Bank v. Hill*, 434 F.2d 1019 (9th Cir. 1970); *Northside Iron & Metal Company, Inc. v. Dobson and Johnson, Inc.*, 480 F.2d 798 (5th Cir. 1973); *Helco, Inc. v. First National City Bank*, 470 F.2d 883 (3rd Cir. 1972); *Odette v. Shearson, Hammill & Company, Inc.*, 394 F.Supp. 946 (D.C. S.D. N.Y. 1975).

We believe that we are bound by the decisions of the federal courts in their interpretation of a federal statute. *People v. Heidelberg*, 33 Ill.App.3d 574, 338 N.E.2d 56 (1975); *Penbrook Hauling Company, Inc. v. Sovereign Construction Company, Ltd.*, 128 N.J.Super. 179, 319 A.2d 277 (1974); *Hobbs Lumber Company v. Shidell*, 42 Ohio Misc. 21, 326 N.E.2d 706 (1974); *Ford v. Wisconsin Real Estate Examining Board*, 48 Wis.2d 91, 179 N.W.2d 786 (1970), cert. den., 401 U.S. 993, 91 S.Ct. 1229, 28 L.Ed.2d 530. We therefore hold that petitioner is located in Maricopa County for purposes of § 94, despite its establishment of branch banks in Pima County.

Although § 94, applicable to actions against national banks, is mandatory, it is not jurisdictional and may be waived. *Radzanower v. Touche Ross & Company*, supra; *Northside Iron & Metal Company, Inc. v. Dobson & Johnson, Inc.*, supra; *Murphy v. First National Bank of Chicago*, 228 N.W.2d 372 (S.Ct. Iowa 1975); *Sulil Realty Corp. v. Rye Motors, Inc.*, 45 Misc.2d 458, 257 N.Y. S.2d 111 (1965), aff'd 47 Misc.2d 715, 262 N.Y.Supp.2d 989 (1965). The plaintiff made no claim that petitioner had expressly waived the venue provision but argued that, by its conduct, it had impliedly waived it. In *Buffum v. Chase National Bank of*

*City of New York*, 192 F.2d 58 at 61 (7th Cir. 1951), the court discussed implied waiver:

"It must be proved by the party relying upon it. And if the only proof of intention to waive rests on what a party does or forbears to do, his act or omissions to act should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of his conduct is possible."

The plaintiff relied on the facts that petitioner had sued and been sued in Pima County Superior Court and had not raised a venue defense, had established at least fifteen full-service branch banks in Pima County, had designated an agent for service of process within Pima County and had "already acted in such a manner as to make the protection of 12 U.S.C. § 94 meaningless." In support of her position, she cites *Reaves v. Bank of America*, 352 F.Supp. 745 (D.C. S.D. Calif. 1973). In *Reaves*, the bank had sixty-six branches in the southern district of California through which it carried on extensive banking activities. The promissory note and security agreement involved in the lawsuit were executed in the southern district, the vehicle repossession occurred in the southern district, and from August 1964 to November 30, 1972, the bank had been sued 338 times and had sued as plaintiff 105 times. The court stated:

"Taken together with the defendant's extensive activities in this district, plus the fact that all transactions herein involved occurred in this district, the defendant's previous failure to object to being sued in this district is inconsistent with its claim that it is not present for venue purposes. Its contacts with this district are much more than minimal. Further, its conduct warrants a strong inference of the relinquishment of a known right, the right to invoke the benefits of § 94." 352 F.Supp. at 750.

■ We do not find, as did the *Reaves* court, that petitioner's activities are so pervasive in Pima County that § 94 benefits are waived. We agree with the court in

*Odette v. Shearson, Hammill & Company, Inc.*, supra. Establishment of full-service branch banks in Pima County and the petitioner's failure to raise a venue defense in prior litigation do not manifest an intent to waive the venue provision of § 94. Thus denial of petitioner's motion for change of venue cannot be predicated on waiver.

■ As to the plaintiff's claim of constitutional infirmity, we find no violation of due process or equal protection of the laws. *Northside Iron & Metal Company, Inc. v. Dobson & Johnson, Inc.*, supra; *Anthony v. Drovers National Bank of Chicago*, 405 F.Supp. 626 (D.C. S.C. 1975); *Brown v. Bank of American National Trust and Savings Association*, 281 F.Supp. 82 (D.C. N.D. Ill., E.D. 1968).

The order of the respondent court denying petitioner's motion for change of venue is hereby vacated with directions to enter an appropriate order consistent with this opinion.

HOWARD, C. J., and RICHMOND, J., concur.