NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Respondent*,

*v.*

NOEMI ROMERO-GOMEZ,
*Petitioner*.

No. 1 CA-CR 18-0522 PRPC
FILED 3-12-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2013-103071-004
The Honorable Peter C. Reinstein, Judge, *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Perkins Coie, LLP, Phoenix
By Barry Grant Stratford, Randal Boyd McDonald
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

**¶1**　　　　Noemi Romero-Gomez petitions this court for review of the superior court's dismissal of her first petition for post-conviction relief. We have considered the petition for review and, for the reasons stated below, grant review but deny relief.

**¶2**　　　　In 2013, the State charged Romero-Gomez with forgery and aggravated identity theft under Arizona Revised Statutes ("A.R.S.") sections 13-2002 (2019) and -2009(A)(3) (2019), respectively.[1] The factual basis for both charges was that Romero-Gomez used someone else's permanent resident card and Social Security card to obtain employment. Ultimately, Romero-Gomez pled guilty to one count of criminal impersonation under A.R.S. § 13-2006(A)(1) (2019), and the superior court suspended her sentence and placed her on six months' unsupervised probation.

**¶3**　　　　The following year, two undocumented aliens who had been convicted of identity theft for using false names to obtain work filed a lawsuit in federal court against the State of Arizona, Maricopa County and, *inter alia*, former Maricopa County Sheriff Joseph Arpaio. In an unpublished decision, the district court ruled that federal law preempted the defendants from "(a) employing or relying on (b) any documents or information (c) submitted to an employer solely as part of the federal employment verification process (d) for any investigative or prosecutorial purpose under the Arizona identity theft and forgery statutes." *Puente Arizona v. Arpaio*, No. CV-14-01356-PHX-DGC, 2017 WL 1133012, at *8 (D. Ariz. Mar. 27, 2017). Accordingly, the court permanently enjoined "[the] Maricopa County Sheriff . . . and all persons acting in concert with [him]" from

> (a) employing or relying on (b) the Form I-9 and any other documents or information (c) submitted to an employer solely

---

[1] Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

as part of the federal employment verification process (d) for purposes of investigating or prosecuting violations of A.R.S. § 13-2002 . . . or § 13-2009(A)(3).

*Id.* at *17. The parties to that litigation then entered a settlement agreement, and neither appealed the court's order.

**¶4**        After the district court issued its ruling, Romero-Gomez petitioned the superior court for post-conviction relief under Arizona Rule of Criminal Procedure 32.1(g). Romero-Gomez argued the *Puente* court's ruling and injunction constituted a "significant change in the law" that, if applied to her case, would overturn her conviction. *See id.* The superior court denied Romero-Gomez's petition, ruling that *Puente* was not a significant change in the law under Rule 32.1(g) because it was neither "an appellate decision, nor did it overrule any prior opinion."

**¶5**        Romero-Gomez now petitions this court for review. As she did in the superior court, Romero-Gomez argues the *Puente* court's ruling and injunction constituted a significant change in the law under Rule 32.1(g). Specifically, Romero-Gomez argues a significant change in the law occurred when the *Puente* court barred "the use of federal forms to investigate or support a prosecution of state law crimes," which she contends had been a "longstanding practice" in Maricopa County.

**¶6**        Rule 32.1(g) permits post-conviction relief if "there has been a significant change in the law that, if applied to the defendant's case, would probably overturn the defendant's conviction or sentence." The rule does not define a "significant change in the law," but it "requires some transformative event, a clear break from the past." *State v. Shrum*, 220 Ariz. 115, 118, ¶ 15 (2009) (quotation omitted). A "statutory or constitutional amendment" or "an appellate court overrul[ing] previously binding case law" constitutes the "archetype of such a change." *Id.* at 118-19, ¶¶ 16-17. Other events also can constitute a significant change in the law. *See, e.g.*, *State v. Valencia*, 241 Ariz. 206, 209, ¶ 15 (2016) (United States Supreme Court's announcement of "a new substantive rule of constitutional law" that was at odds with Arizona's sentencing scheme); *State v. Slemmer*, 170 Ariz. 174, 182-83 (1991) (disapproving longstanding recommended jury instruction).

**¶7**        The State argues the district court order in *Puente* does not satisfy Rule 32.1(g) because it is not a decision by an appellate court. The State cites no case, however, holding that a judicial decision cannot constitute a significant change in the law under Rule 32.1(g) unless it is

issued by an appellate court. As Romero-Gomez points out, moreover, Arizona courts may be bound by a decision of a federal court interpreting a matter of federal law. *See Cimarron Foothills Cmty. Ass'n v. Kippen*, 206 Ariz. 455, 458, ¶ 6 (App. 2003); *PLM Tax Certificate Program 1991-92, LP v. Denton Investments, Inc.*, 195 Ariz. 210, 212-13, ¶ 12 (App. 1999); *First Nat'l Bank of Ariz. v. Carruth*, 116 Ariz. 482, 483 (App. 1977). And in *PLM Tax Certificate Program* and *Carruth*, we cited federal district court decisions (as well as appellate court decisions) as precedent for the relevant federal-law principle.

**¶8** Assuming for purposes of argument that the *Puente* preemption ruling otherwise might have represented a significant change in the law, *cf. Shrum*, 220 Ariz. at 120, ¶ 21 (appellate opinion not a significant change "simply because it is the first to interpret a statute"), the flaw in Romero-Gomez's argument is that the decision was unpublished. For that reason, the district court's ruling lacks precedential effect in Arizona state courts. *See* 9th Cir. R. 36-3(a) ("Unpublished dispositions and orders . . . are not precedent"); Ariz. R. Sup. Ct. 111(d) ("party may cite a decision of a tribunal in another jurisdiction, as permitted in that jurisdiction"); *see also F.T.C. v. Neovi, Inc.*, 604 F.3d 1150, 1156 (9th Cir. 2010) (unpublished district court orders not precedential). Because the *Puente* preemption decision lacked precedential effect, it does not suffice under Rule 32.1(g) because it does not represent a "significant change in the law that . . . would probably overturn" Romero-Gomez's conviction.

**¶9** Romero-Gomez also argues that, as a practical matter, the injunction the *Puente* court entered would have barred prosecution in her case. The injunction, however, applied only to the Maricopa County Sheriff's Office, barring it from investigating or prosecuting specified violations of A.R.S. §§ 13-2002 and -2009(A)(3) based on documents submitted during the employment-verification process. *See Puente*, No. CV-14-01356-PHX-DGC, 2017 WL 1133012, at *17. Assuming without deciding

that a permanent injunction issued in an unpublished order may constitute a "significant change in the law" pursuant to Rule 32.1(g), the injunction here did not absolutely bar an identity-theft prosecution of a defendant by any other agency based on documents submitted in connection with employment.

¶10 For these reasons, we grant review but deny relief.

