**In re Bruce M. JEWETT, Debtor.**

**Bruce M. JEWETT, Appellant,**

**v.**

**Mehdi SHABAHANGI, Appellee.**

BAP No. NC–91–2032–MeVO.
Bankruptcy No. 91–42676–TP.
No. 91–0915.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 23, 1992.

Decided Oct. 14, 1992.

Jeff Pollack, Oakland, Cal., for Bruce M. Jewett.

Ira M. Kleinman, Lafayette, Cal., for Mehdi Shabahangi.

Before MEYERS, VOLINN and OLLASON, Bankruptcy Judges.

MEYERS, Bankruptcy Judge:

## I

Bruce M. Jewett ("Debtor") appeals from the order of the bankruptcy court which terminated and annulled the automatic stay with respect to Mehdi Shabahangi ("Appellee"). We AFFIRM.

## II

### FACTS

The Debtor was the owner of a 7–unit apartment building ("the Property") located in Richmond, California. ITT Financial Services, Inc. ("ITT") was the holder of a note secured by a second deed of trust on the Property. On April 10, 1991, the Debtor employed an attorney and signed all necessary pleadings to commence a Chapter 13 bankruptcy case. Immediately after signing the pleadings, the Debtor, in his occupation as a sailor in the merchant marine, shipped out of California for a period of six months. He left his sister in charge of his financial affairs.

Meanwhile, due to the Debtor's default on the note, on April 24, 1991, ITT conducted a non-judicial foreclosure sale at which Helmi Investments ("Helmi") purchased the Property for $93,505. On April 25, 1991, Helmi entered into a written agreement to sell the Property to the Appellee for $120,000.

On April 29, 1991, prior to the recordation of the trustee's deed, the Debtor's Chapter 13 petition was filed. A certified copy of the petition was recorded in the Contra Costa County Recorder's Office on May 7, 1991.

On May 17, 1991, the Debtor commenced an adversary proceeding against Helmi to avoid the trustee's deed and to quiet title to the Property. The Debtor argued that, under Section 549(a) of the Bankruptcy Code[1], the filing of the petition before the recordation of the trustee's deed gave the Debtor the right to avoid the deed.

On June 6, 1991, the trustee's deed was recorded. On June 21, 1991, the Appellee filed a motion for relief from the automatic stay based on lack of adequate protection, lack of equity and for cause. After a hearing, the bankruptcy court granted the motion. The Debtor appeals.

## III

### STANDARD OF REVIEW

An order on a motion for relief from the automatic stay is reviewed for an abuse of discretion. *In re Shirley*, 134 B.R. 940, 942 (9th Cir. BAP 1992). The question of whether cause exists for relief from the automatic stay must be determined on a case by case basis in the bankruptcy court's discretion. 134 B.R. at 943. The reviewing court must give due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses. Fed.R.Bankr.P. 8013. Thus, decisions committed to the bankruptcy court's discretion will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which the court rationally could have based that decision. *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1472 (9th Cir.1988); *In re Hill*, 775 F.2d 1037, 1040 (9th Cir.1985).

## IV

### DISCUSSION

Whether a debtor has an interest in property is determined by state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); *In re Contractors Equipment Supply Co.*, 861 F.2d 241, 244 (9th Cir.1988). Under the California race-notice recording statute, an unrecorded conveyance of real property is void as against any *bona fide* purchaser for value whose conveyance is recorded first. *In re Walker*, 861 F.2d 597, 600 (9th Cir.1988); *In re Williams*, 124 B.R. 311, 315 (Bkrtcy.C.Cal.1991); *In re Duncombe*, 143 B.R. 243, 245 (Bkrtcy.C.Cal.1992). Perfection of an interest in real property does not occur until recordation of the document with the county recorder. *In re Walker*,

---

[1]. Section 549(a)(1) provides that the trustee may avoid a transfer of property of the estate that occurs after the commencement of the case. 11 U.S.C. § 549(a)(1).

*supra,* 861 F.2d at 600; *In re Williams, supra,* 124 B.R. at 315.

■ The Debtor recorded his notice of bankruptcy before the trustee's deed was recorded. On that date the Debtor could have sold the property to a *bona fide* purchaser who could have recorded a deed that would have taken priority over an unrecorded deed. *In re Walker, supra,* 861 F.2d at 600. Thus, the Debtor retained an interest in the Property such that it became part of the estate.

The automatic stay protects the debtor, property of the debtor and property of the estate. *In re Advanced Ribbons and Office Products, Inc.,* 125 B.R. 259, 263 (9th Cir. BAP 1991). Because the subsequent recordation of the deed was an action against property of the estate, it was a violation of the automatic stay. The Ninth Circuit has ruled that actions taken in violation of the stay are *void. In re Schwartz,* 954 F.2d 569, 571 (9th Cir.1992)[2]; *In re Shamblin,* 890 F.2d 123, 125 (9th Cir.1989); *In re Taylor,* 884 F.2d 478, 483 (9th Cir. 1989); *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 816 (9th Cir.1985); *In re Williams, supra,* 124 B.R. at 317. Accordingly, because the deed was recorded after the filing of the bankruptcy petition, the recordation and transfer were *void.*

■ Notwithstanding this general rule, the bankruptcy court has the power to annul the automatic stay so as to validate actions taken while the stay was in force

and which would otherwise be void. *In re Schwartz, supra,* 954 F.2d at 572; *Algeran, Inc. v. Advance Ross Corp.,* 759 F.2d 1421, 1425 (9th Cir.1985). *See In re Carroll,* 903 F.2d 1266, 1272 n. 6 (9th Cir.1990); *but see In re Shamblin, supra,* 890 F.2d at 126 n. 3 ("Whether the bankruptcy court may annul the automatic stay retroactively is an open question in this circuit."); *In re Mellor,* 734 F.2d 1396, 1402 (9th Cir.1984).[3] Any such equitable exception to the automatic stay should be narrow and applied only in limited circumstances. *In re Shamblin, supra,* 890 F.2d at 126; *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984).

A creditor is entitled to relief from the stay provided that (1) the debtor does not have equity in the property; and (2) the property is not necessary to an effective reorganization.[4] *In re Bialac,* 712 F.2d 426, 429 (9th Cir.1983). The Debtor argued before the bankruptcy court and again argues here that there was an equity cushion of $28,566 in the Property based on a fair market value of $320,000 and encumbrances of $291,434.11. The Debtor also claims that the rents from the Property were sufficient to service the monthly debt. Despite the existence of several municipal code violations on the Property, the Debtor asserts that there was no evidence that the apartment building was decreasing in value. In addition, at the hearing, the Debtor offered to pay between $95,000 and $100,-000 in cash to the Appellee from three sources: (1) $44,000 cash from the Debtor's

---

**2.** *In re Schwartz* was decided *after* the bankruptcy court's ruling. There, the Ninth Circuit reversed the Panel stating that "[o]ur decision today clarifies this area of the law by making clear that violations of the automatic stay are void, not voidable." *In re Schwartz, supra,* 954 F.2d at 571.

**3.** In *In re Mellor,* the Ninth Circuit reversed the Panel's decision which affirmed the bankruptcy court's order granting retroactive relief from the stay. The Circuit concluded that the bankruptcy court had erred in finding that there was a lack of adequate protection afforded for the creditors and that the property was not necessary for an effective reorganization. *In re Mellor, supra,* 734 F.2d at 1402. The Circuit, however, did not reach "the serious question which is presented where a bankruptcy court purports to annul an automatic stay in order to attempt

retroactively to validate a void state court judgment." 734 F.2d at 1402.

**4.** The Debtor questions whether the Appellee had standing to bring the relief from stay motion. He argues that the Appellee, as purchaser of the Property, was not the holder of a lien and was therefore not entitled to adequate protection. The Debtor admits, however, that he invited the bankruptcy court to analyze the situation as if the Appellee did indeed have a lien.

As a general rule, the reviewing court will not consider an issue raised for the first time on appeal. *U.S. v. Bigman,* 906 F.2d 392, 395 (9th Cir.1990); *In re Northern California Homes and Gardens, Inc.,* 92 B.R. 410, 413–14 (9th Cir. BAP 1988). Because the Debtor failed to raise the issue of standing in the bankruptcy court, we will not consider the issue.

sister; (2) a new trust deed loan in the amount of $48,000; and (3) a $20,000 cash settlement from the Debtor's previous attorney.

■ After hearing the testimony, the bankruptcy court determined that the Debtor had not met his burden of providing adequate protection to the Appellee, noting that "the proposal by which the pay-off would be managed contains too many contingencies." The court also found that the Debtor did not have any equity in the property when the sale took place and that the Debtor did not present any substantial evidence that the property was necessary for a reorganization. Finally, in determining that the equities weighed in favor of the Appellee, the court noted that the Appellee had more invested in the property than did the Debtor and that no explanation was given as to why the Debtor collected rents for an extended period, let the mortgages go further into default and waited until the last minute to file a Chapter 13 petition.

We find that the bankruptcy court's findings are supported by the record. Therefore, the bankruptcy court's decision to annul the automatic stay so as to validate the transfer of the property to the Appellee was not an abuse of discretion. Moreover, given that the foreclosure sale was properly conducted and that the Appellee acted reasonably in effectuating the sale and transfer, we conclude that, under equitable principles, the bankruptcy court's decision was proper.

## V

### CONCLUSION

The Property became property of the estate when the Debtor filed his Chapter 13 petition—after the foreclosure sale but before the deed was recorded. The transfer and recording of the trustee's deed were in violation of the automatic stay and therefore void. The bankruptcy court, however, annulled the automatic stay so as to validate the transfer. We find that the bankruptcy court did not abuse its discretion in doing so.

AFFIRMED.