886 P.2d 1373

David L. STALLINGS and Barbara
J. Stallings, husband and wife,
Plaintiffs–Appellants,

v.

The SPRING MEADOWS APARTMENT
COMPLEX LIMITED PARTNERSHIP,
an Arizona Limited Partnership, Defen-
dant–Appellee.

No. 1 CA–CV 92–0117.

Court of Appeals of Arizona,
Division 1, Department B.

June 16, 1994.

Review Granted Jan. 25, 1995.

** The Honorable John Foreman, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.

Goldberg & Osborne by John E. Osborne, Tucson, for plaintiffs-appellants.

Teilborg, Sanders & Parks, P.C. by Richard A. Kent, Bruce C. Smith, Phoenix, for defendant-appellee.

## OPINION

CONTRERAS, Judge.

David L. Stallings and Barbara J. Stallings ("Stallings") appeal the superior court's dismissal of their personal injury lawsuit in response to defendant's argument that the complaint, filed after defendant's filing of a Chapter 11 bankruptcy petition, violated the automatic stay provision of the bankruptcy statutes. We find that the filing of the complaint was a void, rather than voidable act; that a subsequent bankruptcy court order lifting the automatic stay did not annul the stay and retroactively validate the complaint; and that the superior court did not abuse its discretion in denying the Stallings' request for leave to amend its complaint in an attempt to relate it back to the original filing. Therefore, we affirm the judgment of the superior court in favor of defendant Spring Meadows Apartment Complex Limited Partnership ("Spring Meadows").

## FACTS AND PROCEDURAL HISTORY

On January 4, 1991, Spring Meadows, the limited partnership that owned the Spring Meadows apartments, filed a petition for Chapter 11 bankruptcy. By operation of

law,[1] the automatic stay of the Bankruptcy Code went into effect the moment Spring Meadows filed its petition. *Miller v. National Franchise Services,* 167 Ariz. 403, 406, 807 P.2d 1139, 1142 (App.1991).

The Stallings, unaware of Spring Meadows' bankruptcy, filed a personal injury complaint against Spring Meadows on January 14, 1991. The complaint sought damages for personal injuries that David L. Stallings had sustained on May 13, 1989 while descending a stairway at the Spring Meadows apartment.[2] The Stallings amended their complaint twice and ultimately served it on Spring Meadows on February 26, 1991.

Upon service of the complaint, the Stallings learned of the bankruptcy and realized that the automatic stay had been in effect when they filed their personal injury action. They then filed a proof of claim and a motion to lift the stay with the United States Bankruptcy Court. In their motion, the Stallings cited in support of their request for relief from the stay a single legal authority: Local Rule of Bankruptcy Procedure 4001.[3] They did not ask for relief under 11 U.S.C. section 362(d) nor ask that the bankruptcy stay be annulled.

Spring Meadows did not oppose the Stallings' motion for relief from the automatic stay, and on June 25, 1991, the bankruptcy court granted the Stallings' motion and lifted the stay. The bankruptcy court entered an order prepared by the Stallings' counsel which stated in pertinent part:

NOW, THEREFORE, It is hereby ordered as follows:

1. The automatic stay in this matter is lifted for the Stallings so that the Stallings may proceed in their personal injury claims against the Debtor;

2. The stay is lifted only so that the Stallings may proceed to secure their judgment, and then collect any judgment they may secure based on their personal injury claims from the insurance carrier or carriers for the Debtor only;

3. To the extent any such judgment is not collectible from the liability insurance policy or policies, the Stallings shall remain subject to the automatic stay and the further orders of this Court with respect to it, and shall remain a creditor of the Debtor to the extent of the balance of any such judgment remaining.

The order does not state that it "annuls" the stay or that it provides retroactive relief to the Stallings.

■ The Stallings notified Spring Meadows of the bankruptcy court's order and asked Spring Meadows to answer their complaint. Instead, Spring Meadows filed a motion to dismiss the personal injury action in the superior court pursuant to Rules 12(b)(1), (3), (4), (5) and (6) of the Arizona Rules of Civil Procedure. Spring Meadows argued that the bankruptcy court had original, exclusive jurisdiction and thus that the superior court lacked subject matter jurisdiction over the case. In addition, Spring Meadows contended that the filing of the complaint was a void act because it was in violation of the automatic stay issued by the bankruptcy

1. Section 362 of the Bankruptcy Code provides for an automatic stay of all proceedings against bankruptcy petitioners and their property. This statute provides in pertinent part:
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
(1) the commencement ... including the issuance or employment of process, of a judicial, ... or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title ..., or to recover a claim against the debtor that arose before the commencement of the case under this title ...;

11 U.S.C. § 362(a)(1).

2. Under Arizona Revised Statutes Annotated ("A.R.S.") section 12–542, the statute of limitations for the personal injury claims arising out of this incident ran on May 13, 1991.

3. Local Rule of Bankruptcy Procedure 4001 sets forth the procedure for seeking relief from the automatic stay but not the substantive bases entitling a party to such relief. The permissible grounds for the termination, annulment, modification or conditioning of the stay are set forth in 11 U.S.C. section 362(d).

court. The Stallings opposed the motion, arguing that the automatic stay did not deprive the superior court of jurisdiction; the complaint was voidable, not void; and the bankruptcy court had lifted the stay pursuant to Local Rule of Bankruptcy Procedure 4001, allowing the personal injury claim to proceed in state court. The superior court treated the motion to dismiss as a motion for summary judgment and granted summary judgment in favor of Spring Meadows.[4] The Stallings filed a motion for reconsideration and for leave to amend their complaint. The superior court denied both motions and entered judgment in favor of Spring Meadows. The Stallings timely appealed.

## ISSUES

In reviewing the superior court's grant of summary judgment in favor of Spring Meadows, we must resolve:

(1) whether the Stallings' complaint was void because it was filed after issuance of the automatic stay;

(2) if the complaint was void, whether the bankruptcy court order lifting the stay annulled the stay and thereby validated the complaint; and

(3) whether the superior court erred in denying leave to the Stallings to file an amended complaint.

## DISCUSSION

### I. Standard of Review

■■■ The parties do not dispute the facts; therefore, because this case presents a

question of law requiring application of the federal bankruptcy statutes, our review of the superior court's grant of summary judgment is de novo. *Libra Group, Inc. v. State,* 167 Ariz. 176, 179, 805 P.2d 409, 412 (App. 1991), *review denied* 168 Ariz. 337, 813 P.2d 318 (1991). We must determine if Spring Meadows is entitled to judgment as a matter of law. *Orme School v. Reeves,* 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). In doing so, we are bound by the decisions of the federal courts interpreting federal statutes. *First Nat. Bank of Arizona v. Carruth,* 116 Ariz. 482, 483, 569 P.2d 1380, 1381 (App.1977).

■ We review the superior court's denial of leave to amend the Stallings' complaint for a clear abuse of discretion. *Bishop v. State, Dept. of Corrections,* 172 Ariz. 472, 474, 837 P.2d 1207, 1209 (App.1992).

### II. A Complaint Filed in Violation of Automatic Stay is Void

■ The Stallings argue that the filing of their complaint in violation of an automatic stay was merely a voidable act.[5] They rely on *Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5th Cir.1989), *rehearing denied by* 888 F.2d 1388 (5th Cir.1989), in which the Fifth Circuit found that the filing of a complaint in violation of the stay was voidable but not void. *Id.* at 178–79. The court reasoned that provisions of the Bankruptcy Code such as section 362(d), by giving courts the power to grant retroactive relief from a stay, indicated Congressional intent that acts in violation of

---

4. The Stallings question the appropriateness of treating the motion to dismiss as a motion for summary judgment. In its motion to dismiss, Spring Meadows went beyond the confines of the Stallings' complaint by presenting matters of record from the bankruptcy proceeding. Arizona Rule of Civil Procedure 12(b) states, "If, on a motion asserting the defense numbered 6 to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated

as one for summary judgment...." Accordingly, the trial court properly treated the motion as one for summary judgment.

5. This distinction is important because if the filing of the complaint in violation of the automatic stay was void, the complaint is without any legal effect. If the filing was merely voidable, the complaint would be valid because Spring Meadows made no attempt to have it voided in the Chapter 11 bankruptcy. *In re Schwartz,* 954 F.2d 569, 571 (9th Cir.1992).

a stay be simply voidable.[6] *Id.*

■ Spring Meadows, however, urges us to adopt the rule of the Ninth Circuit that any act committed in violation of an automatic stay is void. *Hillis Motors, Inc. v. Hawaii Auto. Dealers Ass'n,* 997 F.2d 581, 586 (9th Cir.1993); *In re Schwartz,* 954 F.2d 569, 571–72 (9th Cir.1992) (holding that violations of the automatic stay are void and rejecting the reasoning of *Sikes* ).[7] The circuit court found such acts void even when the violation of the stay was an innocent and unknowing one. *Id.* at 573; *see also Miller,* 167 Ariz. at 407, 807 P.2d at 1143 ("[A]ctions which violate the stay are void even when there is no actual notice of the existence of the stay.").

We find the interpretation adopted by the Ninth Circuit in *Schwartz,* 954 F.2d at 571–72, the better reasoned rule and binding on us. In concluding that acts taken in violation of the stay are void, the court acknowledged that Congress had recognized the vital role of the automatic stay in granting the debtor respite from creditors and any collection efforts, harassment, or foreclosure actions in order to prepare a plan of repayment or reorganization. *Id.* at 571. If violations of the stay were merely voidable, debtors would have to "spend a considerable amount of time and money policing and litigating creditor actions. If violations are void, however, debtors are afforded better protection and can focus their attention on reorganization." *Id.*

The Ninth Circuit's view is consistent with the weight of authority. "The majority of courts have long stated that violations of the automatic stay are void and of no effect." *Id.* at 572, *citing Kalb v. Feuerstein,* 308 U.S. 433, 438, 60 S.Ct. 343, 345–46, 84 L.Ed. 370

(1940); *Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371, 372–73 (10th Cir.1990); *In re 48th St. Steakhouse,* 835 F.2d 427, 431 (2d Cir.1987), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982). In fact, our supreme court has previously so held. *See Great Southwest Fire Ins. v. Triple "I" Ins. Serv., Inc.,* 151 Ariz. 283, 286, 727 P.2d 336, 339 (1986) (judgment entered in violation of automatic stay is void).

Therefore, the filing of the Stallings' complaint was a void act without legal significance. We turn next to the effect of the court's order lifting the automatic stay.

## III. The Bankruptcy Court Lifted but Did Not Annul the Stay

■ Section 362(d) of the Bankruptcy Code gives the bankruptcy court the power to grant creditors relief from an automatic stay. *Schwartz,* 954 F.2d at 572. This section provides in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—. . . .

11 U.S.C. § 362(d). This provision not only gives "the bankruptcy court wide latitude in crafting relief from the automatic stay," but also the authority to "grant retroactive relief from the stay." *Schwartz,* 954 F.2d at 572. If a creditor obtains such retroactive relief, the creditor has not violated the automatic stay, and an otherwise void act becomes a valid one. *Id.* at 573. (If the court grants retroactive relief, the void or voidable nature

---

**6.** Section 362(d) allows the bankruptcy court to annul the stay and validate actions taken subsequent to the imposition of the stay.

**7.** The Stallings cite to other Ninth Circuit decisions of the Bankruptcy Appellate Panel ("BAP") holding that violations of the stay were voidable, not void. *See, e.g., In re Brooks,* 79 B.R. 479 (Bankr. 9th Cir.1987), *aff'd on other grounds* 871 F.2d 89 (9th Cir.1989). The BAP is the first level of review for decisions from the bankruptcy

court and is an alternative to review by the district court. 28 U.S.C. § 158(b)(1); Bankr.R. 8001(e). The decisions of the BAP, however, are reviewed by the circuit courts of appeal, 28 U.S.C. section 158(d), and the BAP is bound to follow the precedents of the Ninth Circuit. Because the BAP decisions relied upon by the Stallings are now contrary to the law of the Ninth Circuit, they are no longer authoritative.

of an action in violation of stay is not an issue).

## A. Lifting a Stay is not Equivalent to Annulment

■ The Stallings argue that the bankruptcy court order lifting the stay constituted an annulment and that this court should disregard the violation of the stay and treat their original complaint as validly filed in the superior court.[8] We conclude, however, that the court's order did not annul the stay or grant the Stallings retroactive relief and thus did not validate their complaint.

■ Annulment of a stay is an extraordinary measure and is appropriate only in limited circumstances. *In re Shamblin,* 890 F.2d 123, 126 (9th Cir.1989) (stay should be annulled only in extreme circumstances); *In re Jewett,* 146 B.R. 250, 252 (Bankr. 9th Cir.1992) (same). Ordinarily, courts annul a stay only where the debtor filed the bankruptcy petition in bad faith or engaged in some form of misconduct. *See, e.g., Shamblin,* 890 F.2d at 126 (finding that stay had not been annulled where order of bankruptcy court unclear and equities favored debtors); *Algeran v. Advance Ross Corp.,* 759 F.2d 1421, 1425 (9th Cir.1985) (annulling stay and validating creditor's foreclosure sale of pledged stock after debtor misrepresented intent to file bankruptcy); *see also In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984) (finding stay appropriately annulled where petition filed in bad faith); 2 *Collier on Bankruptcy* § 362.11 at 362–85 (15th ed. 1994) ("In some cases, courts have been persuaded to annul the automatic stay when the filing of the Chapter 11 case was in bad faith.").

Here, no evidence demonstrates that Spring Meadows filed its bankruptcy petition in bad faith or committed any other misconduct that would justify annulling the stay. In addition, Stallings' motion for relief from the stay did not specifically request an annulment as opposed to mere prospective termination. *See also* 2 *Collier on Bankruptcy* § 362.07 at 362–61 ("The use of the word 'annulling' permits the [court's] order to operate retroactively, thus validating actions taken by a party at a time when he was unaware of the stay. Such actions would otherwise be void.")

Finally, the bankruptcy court's order neither used the word "annul" nor granted retroactive relief. The order simply provided that the stay was being "lifted" so that the Stallings could "proceed in their personal injury claims against the debtor." The wording suggests that the stay was prospectively terminated, as of the date of the order, for the limited purpose of permitting the Stallings to institute a personal injury action against Spring Meadows.[9]

## B. Fifth Circuit Rule on Annulment Rejected

The Stallings urge us to adopt the more liberal rule of annulment espoused by the Fifth Circuit in *Sikes v. Global Marine, Inc.* under circumstances similar to this case. After Global had filed a Chapter 11 bankruptcy petition, the Sikes filed a personal injury lawsuit against Global in a Texas district court. Once the Sikes learned of the bankruptcy, they sought relief from the automatic stay in the bankruptcy court. The bankruptcy court eventually lifted the stay for 32

---

**8.** Spring Meadows argues that the Stallings waived this argument by not raising it in their opposition to the motion to dismiss. Although the argument is more clearly set forth in the motion for reconsideration and the appellate briefs, the Stallings have argued throughout this litigation that the intent of the bankruptcy court order was to allow them to continue their state court action. Accordingly, we find that they did timely raise this argument.

**9.** Regardless of the expiration of any statute of limitations, 11 U.S.C. § 108(c) provides creditors

with a thirty day grace period after "notice of the termination or expiration" of the stay to file any civil action against the debtor. Accordingly, even though the Arizona statute of limitations had run on their personal injury claim by the time the stay was lifted, section 108(c) provided the Stallings with an additional thirty days from the date the stay was lifted to file a new action against Spring Meadows. However, the Stallings never filed such an action within that time period.

different causes, including the Sikes, " 'for the limited purpose of allowing the personal injury actions ... to be commenced against Global, permitting the personal injury actions that are pending against Global to proceed....' " *Id.* at 178. The Fifth Circuit found that this order annulled the stay and validated the Sikes' previously filed complaint. *Id.* at 178–79.

In reaching this conclusion, the Fifth Circuit failed to address the cases holding that a stay should be annulled only in limited circumstances. *Id.* at 179. The court cited a single case, *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984), as support for its determination that the order annulled the stay. In *Albany Partners,* however, the bankruptcy court annulled the stay because the debtor filed the bankruptcy petition in bad faith and attempted to circumvent its obligations to the creditor. Accordingly, *Albany Partners* does not support annulment of the stay under the circumstances existing either in *Sikes* or in this case.

We are convinced by the reasoning of the decisions that take a more restrictive view of the bankruptcy court's authority to annul a stay. Because annulment essentially extinguishes the stay, we agree that it should be reserved to those circumstances in which a debtor has filed a petition in bad faith or has misused the bankruptcy laws. Furthermore, in this case, the bankruptcy court did not clearly grant, nor the Stallings request, an annulment with retroactive effect. Therefore, we find the court's order prospectively lifted the stay to permit the Stallings to proceed but did not validate the prior-filed complaint.

In light of this finding, we need not address the parties' remaining contentions regarding the extent of jurisdiction vested in the federal district courts and whether that jurisdiction precludes subject matter jurisdiction in the superior court.

## IV. Denial of the Stallings' Motion to Amend Their Complaint

In their motion to reconsider filed in the superior court, the Stallings also requested leave to file an amended complaint under Rule 15(a), Arizona Rules of Civil Procedure. They now ask us to reverse the denial of their request so that they may file a new complaint that would relate back to their original complaint pursuant to Rule 15(c), Arizona Rules of Civil Procedure.

■■■■ The superior court should freely grant leave to amend when the interests of justice will be served, but no automatic right to amend exists. *In re Estate of Torstenson,* 125 Ariz. 373, 376, 609 P.2d 1073, 1076 (App. 1980). A court does not abuse its discretion by denying leave to amend when the amendment would be futile. *Id.*

■■■■ Here, the superior court's denial of leave to amend was appropriate for two reasons. First, the Stallings did not actually intend to amend their complaint; they asked only for permission to file an identical, third amended complaint. Our procedural rules, however, permit a party to "amend" a pleading; they do not allow a party to simply refile an identical pleading already filed. Ariz.R.Civ.P. 15(a).

Second, the Stallings' attempt to relate an amended complaint back to their original complaint would be futile because we have concluded that the original complaint was void. *Schwartz,* 954 F.2d at 571–72. No valid complaint exists to which a third amended complaint could relate. Therefore, the superior court did not abuse its discretion in denying the Stallings' motion to amend.

## V. Discussion Relating to Dissent

The dissent contends that our decision exalts form over substance and that the Stallings' complaint was extinguished on a technicality. Although these contentions have superficial appeal, they do not comport with the applicable substantive law. Our holding that the complaint was void is consistent with and follows the federal law in this circuit. We can see no benefit to an Arizona state court interpretation of federal bankruptcy law which is at odds with that of this circuit's

federal court. Furthermore, if Stallings' counsel sought retroactive relief from the stay, he failed to clarify that fact, and he also failed to bring his client's claim within the cases authorizing such relief. We note, also, that although a discharge in bankruptcy does not preclude an action to recover from the debtor's liability insurer, the stay remains in effect until properly annulled in accordance with federal statutes.

## CONCLUSION

Therefore, we hold that the Stallings' complaint filed in violation of the automatic stay was void. The order of the bankruptcy court lifting the stay neither annulled the stay nor granted any type of retroactive relief. Although the Stallings could have refiled their complaint once the stay was lifted, the order did not reach back in time to validate the Stallings' earlier-filed complaint. Finally, because the Stallings' attempt to amend their complaint and relate it back to the filing of the original complaint would prove futile, the superior court did not abuse its discretion in denying the Stallings leave to amend. We affirm the decision of the superior court dismissing this action.

WEISBERG, P.J., concurs.

TOCI, Judge, dissenting.

I respectfully dissent. When the Stallings filed their personal injury action, their attorney did not know that Spring Meadows had filed a Chapter 11 bankruptcy petition. After learning about the bankruptcy, the Stallings' attorney requested that the stay be lifted to allow the Stallings to proceed with their personal injury action. The bankruptcy court entered an order lifting the stay to the limited extent of allowing the case to proceed to judgment, with collection limited to the debtor's insurance coverage. In other words, the bankrupt's estate was not and could not be affected by the outcome of the Stallings' lawsuit.

Nevertheless, under the majority's reasoning, the order lifting the stay was not sufficient. The majority adopts the law announced by the Ninth Circuit and concludes that because the filing of the lawsuit was in violation of the stay, it was therefore void. The majority also concludes that the Stallings were required to do more than to simply have the stay lifted—they were also required to ask for retroactive relief or that the stay be annulled. The net result reached by the majority is that because the Stallings' complaint was filed when the stay was in effect, the complaint, being void, did not toll the statute of limitations. Thus, the Stallings' claim against Spring Meadows has been extinguished on a technicality, one not necessary to protect Spring Meadows bankruptcy estate.

I would reject the rule announced by the Ninth Circuit in *In re Schwartz*, 954 F.2d 569 (9th Cir.1992), for several reasons. First, the rationale for the rule that acts taken in violation of a stay are void applies to grant the *debtor* relief from creditors and from collection efforts so that the *debtor* may prepare a plan of reorganization. *Id.* at 571 (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1978)). That rationale is not present here—this case does not involve any effort to hinder or impede the debtor's reorganization plan. The Stallings are entitled to recover a judgment only from the liability insurance proceeds. The payment of insurance proceeds will not affect the debtor or any of its creditors one way or the other. Thus, the rationale for the *Schwartz* rule does not exist here.

Second, the weight of authority referred to by the majority simply does not apply in this situation. The cases cited by the majority are cases in which some effort was made to proceed with collection efforts against the *debtor* personally after a stay was entered. *See Kalb v. Feuerstein*, 308 U.S. 433, 438, 60 S.Ct. 343, 345–46, 84 L.Ed. 370 (1940); *In re Schwartz*, 954 F.2d at 572; *Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371 (10th Cir.1990); *In re 48th St. Steakhouse, Inc.*, 835 F.2d 427, 431 (2nd Cir.1987), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); *Borg–Warner Acceptance Corp. v.*

*Hall,* 685 F.2d 1306, 1308 (11th Cir.1982). And, although the majority cites *Miller v. National Franchise Services, Inc.,* 167 Ariz. 403, 407, 807 P.2d 1139, 1143 (App.1991), for the proposition that actions which violate the stay are void, this court has also held to the contrary in *Flexmaster Aluminum Awning Co. v. Hirschberg,* 173 Ariz. 83, 839 P.2d 1128 (App.1992). Consequently, in these circumstances, no reason exists to blindly follow the Ninth Circuit.

Third, most courts hold that a discharge in bankruptcy does not preclude an action against a discharged debtor as the nominal defendant where he is insured against liability for negligence. *See, e.g., In re Edgeworth,* 993 F.2d 51 (5th Cir.1993); *First Fidelity Bank v. McAteer,* 985 F.2d 114 (3rd Cir. 1993); *Green v. Welsh,* 956 F.2d 30, 35 (2nd Cir.1992); *In re Fernstrom Storage and Van Co.,* 938 F.2d 731, 733–34 (7th Cir.1991); *In re Jet Florida Sys., Inc.,* 883 F.2d 970, 976 (11th Cir.1989); *In re Beeney,* 142 B.R. 360, 362–63 (Bankr. 9th Cir.1992); *In re Greenway,* 126 B.R. 253, 255 (Bankr.E.D.Tex.1991); *In re Peterson,* 118 B.R. 801, 804 (Bankr. D.N.M.1990); *In re Traylor,* 94 B.R. 292, 293 (Bankr.E.D.N.Y.1989); *In re Lembke,* 93 B.R. 701, 702–03 (Bankr.D.N.D.1988); *In re White,* 73 B.R. 983 (Bankr.D.D.C.1987); *In re Mann,* 58 B.R. 953, 958 (Bankr.W.D.Va. 1986). A discharge in bankruptcy does not extinguish the debt itself; it merely releases the debtor from personal liability for the debt. *Edgeworth,* 993 F.2d at 53. Section 524(e)[10] of the Bankruptcy Code specifies that the debt still exists and can be collected from any other entity that may be liable. *Edgeworth,* 993 F.2d at 53. Thus, courts have held that the scope of a section 524 injunction does not prevent a proceeding against the discharged debtor to establish a claim against the debtor's liability insurer. *Id.* at 54.

The foundation of this reading of § 524(a)(2) is that it makes no sense to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge. "The 'fresh-start' policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured."

*Id.* at 54 (quoting *In re Jet Florida,* 883 F.2d at 975). The same rationale should apply here.

The conclusion that the Stallings' complaint is void because the bankruptcy court did not specifically annul the stay or grant retroactive relief is hypertechnical and unnecessary to protect the debtor or its estate. It does no violence to the Bankruptcy Code to hold that, where the debtor has liability insurance coverage, the order lifting the stay returns the parties to the status of the legal relationship that existed before the stay was entered. *First Nat'l Bank of Minneapolis v. Kehn Ranch, Inc.,* 394 N.W.2d 709, 715 (S.D. 1986). In other words, the filing of a complaint in violation of the stay is, under these particular circumstances, voidable rather than void. To hold otherwise exalts form over substance and leads to injustice in this case.

---

10. 11 U.S.C. § 524(e) (1988) states: "Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor *does not affect the* *liability of any other entity on, or the property of any other entity for, such debt."* (Emphasis added.)