913 P.2d 496

**David L. STALLINGS and Barbara J. Stallings, husband and wife, Plaintiffs–Appellants,**

v.

**The SPRING MEADOWS APARTMENT COMPLEX LIMITED PARTNERSHIP, an Arizona Limited Partnership, Defendant–Appellee.**

No. CV–94–0355–PR.

Supreme Court of Arizona, En Banc.

March 26, 1996.

Bryan Cave by Mark I. Harrison, Stephen G. Montoya, Phoenix, and Goldberg & Osborne by John E. Osborne, Tucson, for Plaintiffs–Appellants Stallings.

Teilborg, Sanders & Parks, P.C. by Richard A. Kent, Rick N. Bryson, Bruce C. Smith, Phoenix, for Defendant–Appellee.

OPINION

ROBERT J. CORCORAN, Justice (Retired).

David Stallings and Barbara Stallings (plaintiffs) appealed the trial court's grant of summary judgment for defendant, The

Spring Meadows Apartment Complex Limited Partnership (Spring Meadows). The court of appeals affirmed the summary judgment. *Stallings v. Spring Meadows Apartment Complex Ltd. Partnership,* 180 Ariz. 617, 624, 886 P.2d 1373, 1380 (App.1994). We granted review to decide whether the plaintiffs are entitled to proceed with their personal injury claim against Spring Meadows. We hold that they are. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3).

## FACTS AND PROCEDURAL HISTORY

The procedural history of this case includes two separate superior court actions, the first of which is the subject of this review, a federal bankruptcy court action, ancillary federal bankruptcy court proceedings occurring after the Arizona Court of Appeals rendered its decision, and numerous motions for this court to take judicial notice, or, in the alternative, to supplement the record with the pleadings and bankruptcy court orders in the ancillary proceedings. Because of the case's procedural complexity and prolixity, the parallel litigation of issues in federal and Arizona fora, and the highly technical nature of some of the arguments, we recount the facts and procedural history in detail.

On May 13, 1989, David Stallings suffered serious injuries when he fell while walking down a stairway at the Spring Meadows Apartment Complex in Glendale, Arizona. Spring Meadows carried a liability insurance policy. On January 14, 1991, within the applicable two-year statute of limitations period, *see* A.R.S. § 12–542, plaintiffs filed a personal injury action against Spring Meadows in Maricopa County Superior Court (first action). This is the only action at issue here. Unbeknownst to plaintiffs, Spring Meadows had filed for Chapter 11 bankruptcy protection on January 4, 1991,[1] which under federal law triggered an automatic stay. *See* 11 U.S.C. § 362(a). Plaintiffs filed

an amended complaint on February 12, 1991, and a second amended complaint on February 26. When plaintiffs served the second amended complaint, they learned of Spring Meadows' earlier bankruptcy filing.

Plaintiffs filed a proof of claim with the United States Bankruptcy Court and later moved for relief from the automatic stay in the same court. Spring Meadows, acting through its bankruptcy counsel,[2] did not object to plaintiffs' motion for relief from the stay. The bankruptcy court granted plaintiffs' motion on June 25, 1991, with an order (lift stay order) stating:

1. The automatic stay in this matter is lifted for [plaintiffs] *so that [plaintiffs] may proceed in their personal injury claims against [Spring Meadows];*

2. The stay is lifted only *so that [plaintiffs] may proceed to secure their judgment,* and then collect any judgment they may secure based on their personal injury claims from the insurance carrier or carriers for [Spring Meadows] only;

3. To the extent any such judgment is not collectible from the liability insurance policy or policies, [plaintiffs] shall remain subject to the automatic stay and the further orders of this Court with respect to it, and shall remain a creditor of [Spring Meadows] to the extent of the balance of any such judgment remaining.

*See Stallings,* 180 Ariz. at 619, 886 P.2d at 1375 (emphasis added).

By operation of federal law, a 30–day extension of the state statute of limitations begins when a bankruptcy court lifts an automatic stay. *See* 11 U.S.C. § 108(c). After the bankruptcy court lifted the stay, plaintiffs did not refile their first action in superior court. Spring Meadows, through new counsel (liability counsel),[3] moved to dismiss

---

1. United States District Court for the District of Arizona in Bankruptcy, Case No. 91–00025–TUC–RTB.

2. Jeffrey Greenberg represented Spring Meadows in the original bankruptcy action. We use the term "bankruptcy counsel" to refer to Mr. Greenberg.

3. We use the term "liability counsel" to refer to all of the attorneys from Teilborg, Sanders & Parks, P.C. who have filed pleadings or have appeared in this court or in bankruptcy court representing Spring Meadows after the lift stay order was issued.

plaintiffs' first action for lack of subject matter jurisdiction, arguing that the federal district court had original, exclusive jurisdiction over the action, and that plaintiffs' complaint was void because it was filed in violation of the automatic stay. The trial court converted the motion to dismiss to a motion for summary judgment and granted summary judgment to Spring Meadows. Plaintiffs filed a motion to reconsider, which the trial court denied.

Before filing their opening brief in the appeal of the first action, plaintiffs filed a second, identical complaint in superior court (second action). The trial court stayed the second action pending appeal of the first action.

In a divided opinion, the court of appeals affirmed the trial court's summary judgment for Spring Meadows in the first action. *Stallings*, 180 Ariz. at 624, 886 P.2d at 1380. The majority reasoned that (1) under Ninth Circuit case law, plaintiffs' complaint was void because it was filed in violation of the automatic stay, 180 Ariz. at 620–21, 886 P.2d at 1376–77, citing, *In re Schwartz*, 954 F.2d 569, 571–72 (9th Cir.1993); (2) "lifting" a stay is not the same as "annulling" a stay and does not retroactively validate a void act, 180 Ariz. at 621–22, 886 P.2d at 1377–78; and (3) the trial court did not err in denying plaintiffs' motion to amend their complaint because the complaint was a nullity, therefore there was nothing to amend. 180 Ariz. at 622–23, 886 P.2d at 1378–79. The dissent would have reversed the trial court, concluding:

> The net result reached by the majority is that because the [plaintiffs'] complaint was filed when the stay was in effect, the complaint, being void, did not toll the statute of limitations. Thus, the [plaintiffs'] claim against Spring Meadows has been extinguished on a technicality, one not necessary to protect Spring Meadows' bankruptcy estate.... It does no violence to the Bankruptcy Code to hold that, where the debtor has liability insurance coverage, the order lifting the stay returns the parties to the status of the legal relationship that existed before the stay was entered.... To hold otherwise exalts form over substance and leads to injustice in this case.

180 Ariz. at 624–25, 886 P.2d at 1380–81 (Toci, J., dissenting).

After the court of appeals filed its opinion, plaintiffs moved in bankruptcy court for clarification of that court's lift stay order, which the court granted, stating that it had intended to grant retroactive relief (clarification order). In the alternative, the court explicitly "annul[led]" the automatic stay "for the limited purpose of providing relief retroactive to and including January 14, 1991, thereby validating [plaintiffs'] filing of [their] personal injury complaint against [Spring Meadows] in Maricopa County Superior Court ... such that said filing was not a void act...."

Spring Meadows, acting through its liability counsel, appealed the clarification order to the Ninth Circuit Bankruptcy Appellate Panel but ultimately withdrew its appeal as untimely filed. Spring Meadows then moved in bankruptcy court to correct the clarification order. That court denied the motion. Spring Meadows filed a motion to reconsider, and the bankruptcy court denied that motion as well. Spring Meadows then filed a renewed motion to correct, which the court also denied.

## STANDARD OF REVIEW

■ The trial court granted summary judgment on a question of law. We therefore review de novo the trial court's ruling. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 114, 412 P.2d 47, 52 (1966).

## DISCUSSION

■ The court of appeals determined that the bankruptcy court "prospectively lifted the stay ... but did not validate the prior-filed complaint." 180 Ariz. at 623, 886 P.2d at 1379. As the dissent accurately stated, the "net result" of the majority decision is that the statute of limitations ran on plaintiffs' cause of action because they did not file an identical complaint after the lift stay order was issued.

Preliminarily, we note that the majority's approach was backwards. The majority first concluded that actions in violation of the automatic stay are void, not voidable, 180 Ariz. at 621, 886 P.2d at 1377, citing *In re Schwartz*, 954 F.2d 569, 571–72 (9th Cir.

1992). The majority then held that, although the bankruptcy court has authority to grant retroactive relief from the automatic stay, it did not grant retroactive relief in this case because the court "lifted" but did not "annul" the stay. 180 Ariz. at 622–23, 886 P.2d at 1378–79. The threshold issue, however, is not whether plaintiffs' original complaint was void or voidable but whether the bankruptcy court granted retroactive relief such that plaintiffs' complaint was filed within the statutory period. The Ninth Circuit has stated: "If a creditor obtains retroactive relief ... there is no violation of the automatic stay, and whether violations of the stay are void or voidable is not at issue." *In re Schwartz*, 954 F.2d at 573. Thus, the court of appeals should have determined first whether the bankruptcy court granted retroactive relief.

We need not decide whether the filing of the original complaint was a void or voidable act because we hold that the bankruptcy court granted plaintiffs retroactive relief. In deciding that the relief was prospective only, the majority of the court of appeals read "annulment" narrowly: "Ordinarily, courts annul a stay only where the debtor filed the bankruptcy petition in bad faith or engaged in some form of misconduct." 180 Ariz. at 622, 886 P.2d at 1378. Absent an "annulment," the majority concluded, the order could not be retroactive. We disagree that federal law mandates such a restrictive analysis in this case. 11 U.S.C. § 362(d) states that a court shall, under certain conditions, grant "relief" to a party in interest, "such as by terminating, annulling, modifying, or conditioning such stay...." The list of possible forms of "relief" is merely illustrative. Indeed, in this case when the bankruptcy court "lift[ed]" the stay, it did not employ any of the words on the statutory list.

■ If Congress had meant that a bankruptcy court can only grant retroactive relief from the automatic stay if it "annuls" the stay, it would have said so. Instead, the legislative history indicates that the bankruptcy court has broad discretion in granting relief. *See* 11 U.S.C. § 362, Revision Notes and Legislative Reports 1978 Acts (1978 Revision Notes) ("The facts of each request will determine whether relief is appropriate under the circumstances."); *In re Jewett*, 146 B.R. 250, 251 (Bankr. 9th Cir.1992) (bank-

ruptcy court's decision to grant relief reviewed for abuse of discretion).

■ The 1978 Revision Notes also present a series of examples where relief would be appropriate. Among the examples is "a desire to permit an action to proceed to completion in another tribunal...." In addition, "[o]ther causes might include the lack of any connection with or interference with the pending bankruptcy case." These examples do not differentiate among types of relief. Thus, in contrast to the rigid logic of the court of appeals' opinion, there are no set criteria or magic words for granting relief.

■ In this case, although the bankruptcy court did not employ any of the words from the § 362(d) list, the court did lift the stay so that plaintiffs could "proceed" with their action in state court, which corresponds to the language of one of the examples in the legislative history. More importantly, when plaintiffs moved for relief from the automatic stay, the bankruptcy court knew that their complaint had been filed in state court and served on Spring Meadows. In this situation, had the bankruptcy court meant to require the filing of an identical complaint, it surely would have said so. The common meaning of "proceed" is "to go forward or onward, especially after an interruption; continue." *The American Heritage Dictionary of the English Language* 1444 (3d ed. 1992) In interpreting the lift stay order, we assume that the court intended that the words it used would be understood by their common meanings. *See* 60 C.J.S. *Motions & Orders* § 64, at 109–11 (1969) (same rules of construction apply to court orders as to any other writing); *Huerta v. Flood*, 103 Ariz. 608, 611, 447 P.2d 866, 869 (1968) ("words ... are to be given their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended"). In this case, it does not appear from the context or otherwise that the bankruptcy court intended anything other than for plaintiffs to proceed with their original complaint. Moreover, we can think of no reason why the bankruptcy court, having concluded that plaintiffs should be free to pursue their cause of action in state court, would then place a burden on plaintiffs and on our state court system by requiring plaintiffs to file a second, identical complaint.

**160**

We hold that the original lift stay order granted plaintiffs retroactive relief from the automatic stay, and the original complaint was a valid instrument. Indeed, the bankruptcy court's clarification order, of which we have taken judicial notice, explicitly granted retroactive relief. This court and the bankruptcy court therefore appear to be in harmony on this issue.

### DISPOSITION

We hold that the bankruptcy court granted plaintiffs retroactive relief from the automatic stay such that plaintiffs were not required to refile their original complaint within the 30–day federal extension of the state statute of limitations. We vacate the court of appeals' opinion, reverse the trial court's summary judgment for Spring Meadows, and remand the case to the trial court for denial of Spring Meadows' motion to dismiss and for further proceedings consistent with this opinion. Finally, because our decision preserves plaintiffs' first action, plaintiffs' second action can be dismissed.

FELDMAN, C.J., ZLAKET, V.C.J., and MOELLER and MARTONE, JJ., concur.