IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

OCT 27 2009

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| ROY ZEAGLER, | ) | |
| | ) | 2 CA-CV 2009-0018 |
| Plaintiff/Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| BEVERLY JEAN BUCKLEY, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C-20071150

Honorable Carmine Cornelio, Judge

AFFIRMED

---

Mesch, Clark, & Rothschild, P.C.
  By J. Emery Barker and Paul A. Loucks                                    Tucson
                                                       Attorneys for Plaintiff/Appellee

The Law Office of Randall M. Sammons, P.L.L.C.
  By Randall M. Sammons                                                    Tucson
                                                      Attorneys for Defendant/Appellant

---

E S P I N O S A, Presiding Judge.


¶1        Beverly Buckley appeals from the trial court's award of attorney fees to Roy

Zeagler following his success on the merits in a disputed contract action.  We affirm.

**Facts and Procedural History**

¶2        The relevant facts are undisputed.  In March 2007, Zeagler sued Buckley, three other individuals, and one corporate defendant,[1] alleging breach of contract and fraudulent transfer in connection with the sale of Zeagler's business to the defendants (the contract action).  After the commencement of this action, both Buckley and the corporate defendant sought bankruptcy protection.  Buckley maintained her bankruptcy petition for seven months, during which Zeagler conducted discovery on matters relevant to both the contract action and the bankruptcy.  On the eve of a hearing in bankruptcy court on Zeagler's allegations that Buckley's had filed for bankruptcy in bad faith, Buckley dismissed her petition, and the contract action resumed in state court.  Following a September 2008 bench trial, the court entered judgment against Buckley.

¶3        Pursuant to A.R.S. § 12-341.01, Zeagler subsequently requested an award of his attorney fees in the amount of $71,840.11, representing fees incurred before, during, and after the pendency of Buckley's bankruptcy petition.  Buckley objected, arguing that $53,387.84 of the requested amount should not be awarded because it related only to bankruptcy work and not the contract action.  In response, Zeagler pointed out the overlapping nature of the work conducted during the bankruptcy litigation and disputed the amount Buckley claimed was related exclusively to the bankruptcy.

_____

[1]Only Buckley is a party to this appeal.

**¶4**        Although the trial court agreed with Buckley that not all fees incurred during the bankruptcy were awardable, it concluded that some of those fees were "for obtaining information and establishing the [parties'] contractual rights, which would have occurred" regardless of the bankruptcy and were thus properly awardable under § 12-341.01. It awarded Zeagler $50,000 in attorney fees, and this appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(B).

**Discussion**

**¶5**        The sole issue presented on appeal[2] is whether the trial court erred in ordering Buckley to pay Zeagler $50,000 of his attorney fees under § 12-341.01(A) and (B).[3] "The applicability of § 12-341.01(A) 'is a question of statutory interpretation, which we review *de novo*'" but "'[t]he trial court's decision on the amount of fees to award is reviewed under the abuse of discretion standard.'" *Modular Mining Sys. v. Jigsaw Tech.*, 221 Ariz. 515, ¶ 21, 212 P.3d 853, 859 (App. 2009), *quoting Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, ¶ 12, 6 P.3d 315, 318 (App. 2000).

---

[2]Buckley also challenges charges for paralegal work on these matters. However, because paralegal fees may be awarded as part of attorney fees, *see Cont'l Townhouses East Unit One Ass'n v. Brockbank*, 152 Ariz. 537, 539, 73 P.2d 1120, 1122 (App. 1986), we do not consider or discuss them separately.

[3]Section 12-341.01(C), which allows a trial court to award costs and fees in any action where a party presents clear and convincing evidence the litigated claim or defense was not made in good faith, is not relevant to this appeal. Although Zeagler maintains in his brief that Buckley filed for bankruptcy in bad faith, and the trial court found "apparent gamesmanship by [Buckley]," the court also expressly declined to award fees under this subsection, concluding it was "not in a position to make a determination as to whether . . . Buckley's conduct during and subsequent [to] dismissal of bankruptcy" was in bad faith.

3

¶6    Section 12-341.01(A) allows a trial court to award attorney fees to the prevailing party in "any contested action arising out of a contract, express or implied." Buckley argues "no case interpreting [§] 12-341.01 has awarded fees for work done in other cases, particularly bankruptcy cases." Citing *Morrison v. Shanwick Int'l Corp.*, 167 Ariz. 39, 804 P.2d 768 (App. 1990), she claims her bankruptcy was "simply not [a] 'contested action[]' within the meaning of [§] 12-341.01." Because the contract action "was in abeyance while the bankruptcy" proceeded, she contends Zeagler cannot recover any attorney fees for work done "in connection with" the bankruptcy, regardless of its relationship to the underlying contract action.[4]

¶7    But whether the bankruptcy proceeding was a contested action does not appear to be critical to the trial court's award of attorney fees in the disputed contract action.[5]

---

[4]In her reply brief, Buckley contends the trial court lacked jurisdiction to impose fees incurred during the bankruptcy proceeding. She cites *Trebilcox v. Brown & Bain, P.A.*, 133 Ariz. 588, 653 P.2d 45 (App. 1982), *overruled on other grounds by Barmat v. John and Jane Doe Partners A-D*, 155 Ariz. 519, 747 P.2d 1218 (1987), for the proposition that a trial court may not make an award of fees once a notice of appeal has been filed. She did not raise this argument in her opening brief, and this court does not consider issues raised for first time in a reply brief. *Malad, Inc. v. Miller*, 219 Ariz. 368, ¶ 26, 199 P.3d 623, 628 (App. 2008). Even had she raised the issue earlier, a proceeding in bankruptcy court is not an "appeal" of a trial court ruling, and the trial court never lost jurisdiction over this case while Buckley's bankruptcy was pending. *See Stallings v. Spring Meadows Apartment Complex Ltd. P'ship*, 185 Ariz. 156, 159, 913 P.2d 496, 499 (1996) (lifting of bankruptcy stay allows previously filed complaint to proceed and did not require new action in state court).

[5]Zeagler points out that *Morrison v. Shanwick Int'l Corp.*, 167 Ariz. 39, 804 P.2d 768 (App. 1990), the only case Buckley cites in support of her position that the bankruptcy was not a contested action, is inapposite. In light of our conclusion that whether the bankruptcy qualifies as a "contested action" is immaterial, we need not address this issue.

4

Neither party has cited controlling authority conclusively establishing whether a trial court may award attorney fees incurred during a bankruptcy proceeding that is intertwined with a contract dispute. We have held, however, that when two claims are so intertwined as to be indistinguishable, a court has discretion to award attorney fees under § 12-341.01 even though the fees attributable to one of the causes of action would not be recoverable under this statute. *See Modular*, 221 Ariz. 515, ¶ 23, 212 P.3d at 860 (upholding fee award where contract and tort actions intertwined); *City of Cottonwood v. James L. Fann Contracting, Inc.*, 179 Ariz. 185, 194-95, 877 P.2d 284, 293-94 (App. 1994) (trial court in best position to determine whether litigation on successful and unsuccessful claims so intertwined as to render fees for both compensable). Although we agree that bankruptcy actions are separate and distinct proceedings rather than merely additional claims and defenses within a single case, we find the logic of our prior cases instructive here because, as the trial court implicitly acknowledged, the bankruptcy proceeding was substantially intertwined with the contract dispute. *See First Nat'l Bank of Ariz. v. Cont'l Bank*, 138 Ariz. 194, 200, 673 P.2d 938, 944 (App. 1983) (awarding fees under § 12-341.01 because "pre-complaint investigation and evaluation of the potential claim is part of the process and expense of litigation").

¶8     Buckley filed for bankruptcy rather than answering Zeagler's complaint, and she does not dispute the trial court's express finding that many of the matters litigated in bankruptcy court were directly related to and used in Zeagler's successful prosecution of his contract claim. The trial court was in the best position to understand the relationship between

5

the bankruptcy litigation and the contract dispute. *See City of Cottonwood*, 179 Ariz. at 194-95, 877 P.2d at 293-94 (trial court has discretion to determine if claims sufficiently entwined to award attorney fees); *cf. Chase Bank of Ariz. v. Acosta*, 179 Ariz. 563, 575, 880 P.2d 1109, 1121 (App. 1994) (terms of parties' contract guided trial court's refusal to award attorney fees incurred in unrelated bankruptcy litigation).

¶9            Moreover, when, as here, claims are so interrelated that identical or substantially overlapping discovery would occur, there is no sound reason to deny recovery of such legal fees. On the contrary, as Zeagler persuasively argues, there appear to be strong policy reasons supporting an award of fees in such cases. Disallowing fees would permit parties in contract actions to shield themselves from the imposition of fees by filing for bankruptcy and forcing their opponents to conduct costly discovery and other litigation in bankruptcy court, before dismissing the bankruptcy petition and proceeding on the merits in state court, as Buckley did here. The bankruptcy court should not provide a safe harbor from the operation of § 12-341.01 when a party has filed for bankruptcy essentially as a strategic defense to a state-court claim. *See In re Gaines*, 178 B.R. 101, 105 (Bankr. W.D. Va. 1995) (solvent debtor could not use bankruptcy to avoid attorney fee provision of agreement); *C&I Steel, LLC v. Travelers Cas. & Sur. Co. of Am.*, 876 N.E.2d 442, 451 n.5 (Mass. App. Ct. 2007) (Brown, J., dissenting) (criticizing trial strategy of pursuing arbitration simply to avoid attorney fees). This might encourage filers to remove litigation to the bankruptcy court and, with impunity, engage in costly and dilatory discovery and litigation tactics. *See*

*Chaurasia v. Gen. Motors Corp.*, 212 Ariz. 18, ¶ 43, 126 P.3d 165, 176 (App. 2006) (purpose of § 12-341.01 to mitigate burden of litigation and "encourage more careful analysis").

¶10      In support of his application for attorney fees, Zeagler submitted a detailed schedule of work performed. The trial court examined the affidavit, concluded not all fees were recoverable, and awarded Zeagler $50,000, representing the court's estimation of the fees reasonably incurred in relation to the breach of contract action.[6] Given the broad discretion the trial court has to impose attorney fees and the support in the record for the fees it did award, we cannot say the court abused its discretion. *See Pioneer Roofing Co. v. Mardian Constr. Co.*, 152 Ariz. 455, 466, 733 P.2d 652, 663 (App. 1986) (award of attorney fees upheld if any reasonable basis for award).

---

[6]In her briefs, which are scant in both argument and authority, Buckley does not explain how the $50,000 in legal fees do not relate to the contract dispute. Indeed, as Zeagler points out, Buckley concedes that at least a portion of these fees were earned prior to the filing of the bankruptcy petition and after its dismissal. Rather than explaining how any fees imposed were incurred during litigation on matters related only to the bankruptcy, she has made the apparent tactical decision to rest solely on her assertion that the bankruptcy was not a "contested action" for the purposes of § 12-341.01. She has made no arguments that would allow us to review for an abuse of discretion the portion of the fees incurred in the bankruptcy proceeding that the court found recoverable. She has, therefore, forfeited this argument and we will not comb the record to make for her an argument she could have made for herself. *See Ramirez v. Health Partners of S. Ariz.*, 193 Ariz. 325, n.2, 972 P.2d 658, 659 n.2 (App. 1998) ("'Judges are not like pigs, hunting for truffles buried in [the record].'"), *quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (alterations in *Ramirez*).

**Disposition**

¶11        For the foregoing reasons, the trial court's award of attorney fees to Zeagler is affirmed.  Zeagler's request for attorney fees on appeal pursuant to § 12-341.01, is granted in an amount to be determined upon compliance with Rule 21, Ariz. R. Civ. App. P.

_____
PHILIP G. ESPINOSA, Presiding Judge

CONCURRING:

_____
JOSEPH W. HOWARD, Chief Judge

_____
ANN A. SCOTT TIMMER, Judge*

*The Honorable Ann A. Scott Timmer, Chief Judge of Division One of the Arizona Court of Appeals, is authorized to participate in this appeal pursuant to A.R.S. § 12-120(F) (2003).