**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: CATHAY ENTERPRISES, INC., <br><br> Debtor, <br><br> ———————————— <br><br> CATHAY ENTERPRISES, INC., an Arizona corporation, <br><br> Appellant, <br><br> v. <br><br> DESIGN TREND INTERNATIONAL INTERIORS LIMITED, an Arizona corporation, <br><br> Appellee. | No. 12-15650 <br><br> D.C. No. 2:10-cv-01079-NVW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted March 11, 2014
San Francisco, California

Before: WALLACE, McKEOWN, and GOULD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cathay Enterprises, Inc. ("Cathay") appeals from the district court's reversal of the bankruptcy court's judgment. The district court found that Cathay had waived any material breach by Design Trend International Interiors, Ltd. ("Design Trend") based on timeliness of performance on a construction contract for renovations to a hotel owned by Cathay. We have jurisdiction under 28 U.S.C. §§ 158(d), 1291, and we affirm the district court's decision as to waiver and substantial performance in favor of Design Trend, but reverse and remand the issues of prejudgment interest calculation and attorneys' fees.

This case has an extensive history that we will not recount. We simply note that after Design Trend missed the final completion date of the construction contract, Cathay repeatedly insisted that it continue to perform, communicating through letters and two administrative enforcement actions enlisting the help and authority of the Arizona Registrar of Contractors. An ALJ found that Design Trend had substantially completed the project, but the bankruptcy court relieved Cathay of responsibility to pay the amount outstanding because Design Trend had materially breached the contract with its untimely performance. The district court reversed the bankruptcy court, but offset the amount owed to Design Trend with expenses incurred by Cathay.

The district court correctly addressed the issue of waiver because it was raised to the bankruptcy court, which implicitly rejected the waiver argument when it ruled against Design Trend. *See Vance v. Am. Hawaii Cruises, Inc.*, 789 F.2d 790, 792–93 (9th Cir. 1986); *Carr v. Yokohama Specie Bank, Ltd.*, 200 F.2d 251, 255 (9th Cir. 1952) ("It is sufficient if the special affirmative facts found by the court, construed as a whole, negat[e] each rejected contention.").

Under Arizona law, "once a material breach in a partially-performed construction contract has occurred, the non-defaulting party must elect to . . . waive the breach and continue performance, or terminate the contract and sue for damages; and if the innocent party elects to continue performance he thereby waives the breach and he may not recover damages therefor." *Hunter Contracting Co. v. Sanner Contracting Co.*, 492 P.2d 735, 740 (Ariz. Ct. App. 1972). We agree with the district court that Cathay's repeated insistence that Design Trend continue to work after the contractual deadlines for performance had passed acted as a waiver of Cathay's right to sue Design Trend for a material breach based on untimely performance. Further, Cathay offers insufficient evidence to show that the district court erred in concluding that Design Trend substantially performed the contract. *See Cracchiolo v. Carlucci*, 157 P.2d 352, 356 (Ariz. 1945); *Homes & Son Constr. Co., Inc. v. Bolo Corp.*, 526 P.2d 1258, 1262–63 (Ariz. Ct. App.

3

1974). The district court correctly applied the remaining damages sustained by Cathay to offset some of the amount owed to Design Trend.

However, the district court erred in using the equitable remedy of *nunc pro tunc* to backdate its order for the purpose of calculating prejudgment interest. *Nunc pro tunc* should be applied in limited circumstances when it is necessary to "mak[e] the record reflect what the district court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence." *United States v. Sumner*, 226 F.3d 1005, 1009–10 (9th Cir. 2000). There is no indication here that the district court meant to include prejudgment interest in its original order dated March 28, 2011, and so we reverse its application of *nunc pro tunc* and remand for recalculation of prejudgment interest.

While a trial court may award the prevailing party reasonable attorneys' fees at its "broad discretion" under Arizona law, A.R.S. § 12-341.01; *State Farm Mut. Auto. Ins. Co. v. Arrington*, 963 P.2d 334, 340 (Ariz. Ct. App. 1998), at the very least there must be proof supporting what is "reasonable," *Crouch v. Pixler*, 320 P.2d 943, 946 (Ariz. 1958). The district court did not give enough information to determine whether the attorneys' fees award was reasonable. Further, there is no indication that the district court excluded fees that could be attributed to work

4

performed during the bankruptcy proceedings unrelated to the contract dispute. *See Zeagler v. Buckley*, 219 P.3d 247, 249 (Ariz. Ct. App. 2009). For these reasons, we reverse the award of attorneys' fees to Design Trend and remand for further explanation and, if necessary, recalculation.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**